UNITED STATES of America, Appellee,

v.

Raymond Earl HUDSON, Appellant.

No. 77–1045.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 11, 1977.
Decided Dec. 1, 1977.

Will T. Dunn, Jr., Greenville, S. C., for appellant.

William A. Coates, Asst. U. S. Atty., Greenville, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

PER CURIAM:

Raymond E. Hudson appeals from a judgment convicting him of multiple counts involving stolen motor vehicles in violation of 18 U.S.C. §§ 2313 and 2. He alleges that the government failed, as a matter of law, to carry its burden of proving sanity beyond a reasonable doubt once he had placed his sanity in issue. The government produced no expert testimony to rebut Hudson's expert testimony tending to show insanity. Instead, it relied on cross-examination of Hudson's experts, on the testimony of a lay witness who was acquainted with Hudson at the time he committed the offense, and on Hudson's demeanor on the witness stand when he testified in his own behalf.

Although the use of expert witnesses by the government in this type of situation is usually desirable, it is not always a prerequisite for withstanding a motion for a judgment of acquittal. *Mims v. United States*, 375 F.2d 135, 140–44 (5th Cir. 1967); cf. *United States v. Wilson*, 399 F.2d 459, 462–63 (4th Cir. 1968). Federal Rule of Criminal Procedure 12.2, which pertains to giving notice of a defense based on mental condition, does not alter this substantive law. While Rule 12.2 is designed to give the government an opportunity to obtain the expert witnesses they ordinarily will need, it does not require such testimony.

Hudson presented enough evidence to place on the government the burden of proving his sanity. Upon a review of the whole record, however, we conclude that the government's rebuttal evidence was sufficient to allow a jury to find that, beyond a reasonable doubt, Hudson was legally sane at the time of the offenses.

We find no error in the court's instructions on the issue of insanity when they are read, as they must be, in the context of all the instructions given. Nor did the court's own examination of Hudson's experts inject error into the proceeding.

The judgment is affirmed.